UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 4:14-cv-04019-SLD-JEH |
| v. | ) ) |
| TERRENCE YATES, | ) ) ) |
| Defendant. | ) ) |

ORDER

Plaintiff Federal Deposit Insurance Corporation ("the FDIC"), as receiver for the failed Country Bank, is suing Terrence Yates for failing to repay three loans. The FDIC seeks judgments against Yates for the loan amounts, and repossession of the collateral that secured each loan. Before the Court is the FDIC's unopposed Motion for Summary Judgment, ECF No. 9. For the reasons stated below, the FDIC's motion is GRANTED.

## BACKGROUND[1]

**The Huntley Loan**

On June 23, 2008, Yates executed a note ("the Huntley Note") promising to repay a loan of $108,000 to the FDIC's predecessor in interest, Country Bank.[2] The loan was secured by Yates's pledge of his membership units in Heritage Woods of Huntley, LLC, an Illinois limited liability company. The security interest was memorialized by a Commercial Security

---

[1] Unless otherwise noted, the facts recounted here are taken from the FDIC's Statement of Uncontested Facts, Mot. Summ. J. 2–4. Because Yates has not responded to the FDIC's Statement of Uncontested Facts, he is deemed to have admitted these facts. CDIL L. R. 7.1(D)(2)(b)(6).

[2] Country Bank was closed on October 14, 2011 by the Illinois Department of Financial and Professional Regulation Division of Banking, which appointed the FDIC as Country Bank's receiver.

1

Agreement. Yates admits that annual installment payments were due on the loan, and that he failed to make them as required by the Note. *See* Answer to Count III ¶ 5, 6, ECF No. 4.

**The Dwight Loan**

On March 12, 2009, Yates executed a note ("the Dwight note") promising to repay a loan of $107,000 to Country Bank. The loan was secured by Yates's pledge of his membership units in Heritage Woods of Dwight, LLC, an Illinois limited liability company. The security interest was memorialized by a Commercial Security Agreement. Yates admits that the loan was payable in installments, which he failed to make. *See* Answer to Count V ¶¶ 6, 7.

**The TIF Loan**

On June 22, 2009, Yates executed a note ("the TIF note") promising to repay a loan of $750,000 ("the TIF loan") to Country Bank. The note was payable on demand, and was secured by a TIF bond. The security interest was memorialized by an Investment Property Security Agreement. Yates admits that he failed to make payments required by the Note. *See* Def.'s Resp. to Pl.'s Req. to Admit ¶ 6, Mot. Summ. J. Ex. B, ECF No. 9-2.

## DISCUSSION

**I.   Legal Standard on a Motion for Summary Judgment**

Summary judgment is the "put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (internal quotation marks omitted). A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

At the summary judgment stage the court's function is not to weigh the evidence and

determine the truth of the matter, but to determine whether there is a genuine issue for trial—that is, whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255).

The movant in a summary judgment motion bears the initial burden of production—pointing the court to the materials in the record that "demonstrate the absence of a genuine issue of material fact" for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmovant bears the ultimate burden of persuasion on a particular issue, however, the requirements on the movant are "not onerous" and "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013) (internal quotation marks omitted). Once the movant discharges her burden, the burden shifts to the nonmovant to "make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322. To satisfy this burden, a nonmovant must "go beyond the pleadings . . . to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in her favor." *Modrowski*, 712 F.3d at 1169 (internal quotation marks omitted). "A plaintiff may not defeat the defendant's properly supported motion for summary judgment without offering any significant probative evidence tending to support the complaint." *Tri-Gen Inc. v. Int'l Union of Operating Engineers, Local 150, AFL-CIO*, 433 F.3d 1024, 1038 (7th Cir. 2006) (internal quotation marks omitted).

## II.     Analysis

The FDIC's Complaint consists of six counts: (I) breach of contract on the TIF note, Compl. 1–4; (II) foreclosure on the TIF bond, *id.* at 4–6; (III) breach of the Huntley note, *id.* at 6–9; (IV) foreclosure on Yates's interest in Heritage Woods of Huntley, *id.* at 9–11; (V) breach of the Dwight note, *id.* at 11–14; (VI) foreclosure on Yates's interest in Heritage Woods of Dwight, *id.* at 14–17. The FDIC's motion for summary judgment seeks entry of judgment on all counts on the ground that Yates is admittedly in breach of all three notes, and is thus subject to judgment in the total amount of each note and forfeiture of the collateral for each loan. Yates did not respond to the FDIC's motion seeking summary judgment.

There can be no question that the FDIC is entitled to judgment in the amount specified on each note, and entitled to foreclose on all the assets Yates used to secure the loans. Yates has not responded to the motion in any way; thus, he is deemed to have admitted it. CDIL L. R. 7.1(D)(2). Furthermore, Yates has already and explicitly admitted the key question for liability under each note—that is, he admitted in his Answer and his response to the FDIC's interrogatories that he failed to make payments under the notes. He raises no affirmative defenses. By offering evidence of these facts, and tendering copies of the contracts Yates signed, the FDIC has carried its burden on summary judgment of showing that there is not sufficient evidence favoring the non-moving party for a jury to return a verdict in its favor. *See Liberty Lobby*, 477 U.S. at 249. The FDIC is entitled to judgment as a matter of law.

## III.    Relief

Therefore, the following relief is granted to the FDIC, as requested in its Complaint:

- On Count I, breach of the TIF note, judgment shall enter against Yates in the amount of $750,000, plus unpaid interest, default interest, late charges, other fees, protective

advances the FDIC may make, costs of suit, and all costs related to enforcing the TIF Note;

- On Count II, foreclosure of security interest in the TIF bond, the FDIC is entitled to possession of the bond, and all income and profits from it, and the FDIC's interest in the bond is superior to that of all other claimants;
- All rights, titles and interests claimed by Yates or others with an inferior interest in the TIF bond are terminated;
- All income and profit from the TIF bond shall be paid to the FDIC, from the date of default to the present;
- On Count III, breach of the Huntley note, judgment shall enter against Yates in the amount of $108,000 plus unpaid interest, late charges, exit fees, costs of suit, and other enforcement costs;
- On Count IV, foreclosure on Yates's interest in Heritage Woods of Huntley, the FDIC is entitled to foreclose on the interest in Heritage Woods of Huntley that Yates offered as collateral, including any right to the shares of the profits, and right to receive cash flow distributions and fees therefrom;
- Disposition of Yates's interest in Heritage Woods of Huntley is approved in accordance with Section 9-604(a)(2) of the Illinois Uniform Commercial Code;
- The FDIC shall take possession of the interest in Heritage Woods of Huntley that Yates offered as collateral to sell or convey that interest at its sole discretion;
- Every right, title, or interest in the interest that Yates offered as collateral deriving from leases, liens, or similar instruments, whether claimed by Yates or anyone else, is subordinate to the FIDC's interest;

- On Count V, breach of the Dwight note, judgment shall enter against Yates in the amount of $107,000 plus unpaid interest, late charges, exit fees, costs of suit, and other enforcement costs;

- On Count VI, foreclosure on Yates's interest in Heritage Woods of Dwight, the FDIC is entitled to foreclose on the interest in Heritage Woods of Dwight that Yates offered as collateral, including any right to the shares of the profits, and right to receive cash flow distributions and fees therefrom;

- Disposition of Yates's interest in Heritage Woods of Dwight is approved in accordance with Section 9-604(a)(2) of the Illinois Uniform Commercial Code;

- The FDIC shall take possession of the interest in Heritage Woods of Dwight that Yates offered as collateral to sell or convey that interest at its sole discretion;

- Every right, title, or interest in the interest that Yates offered as collateral deriving from leases, liens, or similar instruments, whether claimed by Yates or anyone else, is subordinate to the FIDC's interest.

Additionally, the FDIC moved for "a personal judgment for any deficiency if authorized by law" as to Counts IV and VI. Compl. 11. The FDIC, however, has presented no argument as to whether such a judgment is authorized by law, and should brief the issue if it wishes to receive such a judgment.

The FDIC is entitled to attorney's fees and costs under all three notes. Pursuant to Federal Rule of Civil Procedure 54(d)(2), the FDIC may move for fees, which will be evaluated for reasonableness. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 521 (7th Cir. 1999).

**CONCLUSION**

Accordingly, Plaintiff FDIC's Motion for Summary Judgment, ECF No. 9, is GRANTED.  The Court grants summary judgment to the FDIC on all counts of its Complaint, ECF No. 1.  No other claims remaining, the Clerk shall enter judgment, closing the case.

Entered this 24th day of September, 2015.

                                                                               s/ Sara Darrow

                                                                                SARA DARROW

                                                        UNITED STATES DISTRICT JUDGE